IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN CONCEPCION,  No. CIV S-11-0664-GEB-CMK-P

    Petitioner,

  vs.  ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

    Respondent.

                                 /

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition (Doc. 1).  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (naming the Director of Corrections rather than the prison warden is not sufficient); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  Because petitioner has not named the appropriate *state officer*, the petition must be dismissed with leave to amend to name the correct

/ / /

/ / /

respondent.[1]  See Stanley, 21 F.3d at 360.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with leave to amend;

        2.    Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order; and

        3.    The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: April 15, 2011

                                    */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] The court is in receipt of petitioner's letter wherein he set forth his belief that the State of California may be the appropriate respondent.  However, neither the State of California nor the California Department of Corrections and Rehabilitation is the proper respondent.  Rather, the proper respondent is the state officer who has custody of petitioner, such as the warden of the institution wherein he is being housed.