IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CONCEPCION, | No. CIV S-11-0664-GEB-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| ED BARNES, | |
|     Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition on the grounds that it is unexhausted (Doc. 19).

      **I.**    **MOTION TO DISMISS**

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

1  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
2  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
3  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.
4  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
5  after the court orders a response, and the Court should use Rule 4 standards to review the motion.
6  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has
7  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

8  Here, respondent argues that the claims raised in petitioner's federal habeas
9  petition are unexhausted as petitioner failed to specifically raise the claims presented here in his
10  petition for review filed with the California Supreme Court. Petitioner argues dismissal of his
11  petition would be unjust and bring undue hardship upon him for relying on his appellate attorney.

12  Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required
13  before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy,
14  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.
15  Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in
16  two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the
17  claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal
18  court no state remedies are available to the petitioner and the petitioner has not deliberately
19  by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations
20  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to
21  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard
22  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

23  Regardless of whether the claim was raised on direct appeal or in a post-
24  conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the
25  state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion
26  doctrine requires only the presentation of each federal claim to the highest state court, the claims

1 must be presented in a posture that is acceptable under state procedural rules.  See Sweet v.
2 Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is
3 denied by the state courts on procedural grounds, where other state remedies are still available,
4 does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488
5 (1979); Sweet, 640 F.2d at 237-89.[1]

6       In addition to presenting the claim to the state court in a procedurally acceptable
7 manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the
8 state court by including reference to a specific federal constitutional guarantee.  See Gray v.
9 Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th
10 Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is
11 self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d
12 904 (9th Cir. 2001).

13       In the instant case, respondent argues none of petitioner's claims raised in the
14 current petition were specifically raised in the California Supreme Court, leaving them
15 unexhausted.  Respondent contends that petitioner did not file any petition for writ of habeas
16 corpus in the California Supreme Court, only a petition for review on direct appeal.  The petition
17 for review filed with the California Supreme Court consisted only of petitioner's appellate
18 attorney's Wende brief, referring to a brief filed pursuant to People v. Wende, 158 Cal. Rptr. 839
19 (Cal. 1979),  and the California Court of Appeal's unpublished opinion.  There were no specific
20 claims raised in that petition for review, rather the petition contained only the following
21 statement: "I am the appelant [sic] accompanying brief.  I'm request a petition for review with
22 the California Supreme Court." (Lodged Doc. 6).
23 / / /

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

1   In his current petition, petitioner raises four claims: (1) ineffective assistance of
2   counsel; (2) excessive sentence; (3) involuntary plea to special allegation; and (4) application of
3   special allegation excessive. These claims were not raised in petitioner's petition for review filed
4   with the California Supreme Court. Rather, the only challenge to his conviction filed in the
5   California Supreme Court was the <u>Wende</u> brief his appellate attorney filed. The filing of such a
6   brief by definition does not contain any specific claim; it is a request that the court review the
7   record independently for any possible error. Petitioner did file a pro-se supplemental brief with
8   the California Court of Appeal raising specific claims of error, which was filed along with the
9   <u>Wende</u> brief. However, pursuant to the information before the court, these claims were not
10  raised in his brief filed with the California Supreme Court.

11  Petitioner does not challenge respondent's arguments that he failed to raise his
12  specific claims before the California Supreme Court. Plaintiff does not contend that his pro se
13  brief, which he filed with the California Court of Appeal, was filed with the California Supreme
14  Court in order to exhaust his claims. Rather, he argues that dismissal of his petition would be
15  unjust as he followed the advise of his attorney, who failed to inform him of what was required.
16  The failure of petitioner's appellate attorney to properly advise petitioner does not render his
17  federal habeas petition exhausted. If petitioner believes his attorney failed to provide him
18  effective assistance of counsel, that is a claim which may be raised in a habeas petition.
19  However, prior to filing such a petition with this court, petitioner is required to exhaust such
20  claims in the California Supreme Court. Until such claims are exhausted, this court is without
21  authority to review and grant a claim presented in a habeas corpus case.

22  **II.    CONCLUSION**

23  Based on the foregoing, the undersigned recommends that respondent's motion to
24  dismiss (Doc. 19) be granted.

25  These findings and recommendations are submitted to the United States District
26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

4

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 7, 2012

　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE